Filed 12/15/21  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM SHAWN SMITH,<br><br>    Defendant and Appellant. | E077246<br><br>(Super.Ct.No. FSB05283)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Colin J. Bilash, Judge.  Dismissed.

William Shawn Smith, in pro. per.; and Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

In 1995, a jury convicted defendant and appellant William Shawn Smith of attempted carjacking (Pen. Code,[1] §§ 664, 215, count 1) and robbery (§ 211, count 2). On February 2, 1996, a trial court found true the allegations that he had two prior serious felony convictions and had served two prior prison terms. (§§ 667, subds. (b)-(i), 667.5, subd. (b).) It then sentenced him to a total term of 25 years to life.

On January 21, 2020, defendant filed a motion for modification of his sentence pursuant to section 1016.8. The court held a hearing on February 16, 2021, and denied the motion.

Defendant filed a notice of appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and defendant has filed a personal supplemental brief. We dismiss the appeal.

Defendant has also filed a petition for writ of habeas corpus. The habeas petition will be addressed by separate order.

## PROCEDURAL BACKGROUND

A jury convicted defendant of attempted carjacking (§§ 664, 215) and burglary (§ 211). He waived his right to a jury trial on the prior convictions. A trial court found the prior conviction allegations to be true. On February 2, 1996, the court sentenced defendant to 25 years to life in state prison under the three strikes law.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted,

On February 28, 1996, defendant filed a notice of appeal, in propria persona. Among other issues, he argued that the trial court erred in denying his previous motion to strike his prior conviction from May 14, 1986. (*People v. Smith* (Feb. 4, 1997, E017795) [nonpub. opn.].) In the previous motion, he had argued that the prior conviction was invalid for failure to meet the requirements of *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122. This court concluded that the trial court properly denied the motion, and we affirmed the judgment. (*People v. Smith*, *supra*, E017795.)

On January 21, 2020, defendant filed an in propria persona motion to modify his sentence pursuant to section 1016.8. He argued that the two prior plea bargains, under which he pled guilty to the convictions that were used as strikes in the instant case, were invalid. Thus, he asked the court to vacate the 25-year-to-life sentence and resentence him to 14.5 years. On February 16, 2021, the court denied the motion concluding that section 1016.8 had "nothing to do with a resentencing or striking of [a] prior strike that [was] alleged previously . . . ."

Defendant filed a notice of appeal in propria persona.[2]

DISCUSSION

On the court's own motion, the appeal is dismissed because it is taken from a postjudgment order that does not affect defendant's substantial rights. (§ 1237,

---

[2] We observe that the notice of appeal states defendant is appealing the judgment that was entered on February 16, 2021. However, it then states that the appeal is based on the court's denial of a motion pursuant to section 1473.6. The record indicates that defendant filed an in propria persona motion pursuant to section 1473.6; however, that motion was filed on March 26, 2021. Furthermore, the record does not reflect a ruling on that motion.

3

subd. (b).)  Defendant seeks to challenge the trial court's February 16, 2021 order denying the motion to modify his sentence pursuant to section 1016.8.  However, this appeal must be dismissed since the trial court did not have jurisdiction to rule on the motion.  "Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.  [Citations.]  If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed."  (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*); see *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204.)

Here, the execution of defendant's sentence began in 1996, long before he filed his motion to modify the sentence in 2020.  Unless an exception to the general rule applies, the trial court did not have jurisdiction to rule on his motion, and the appeal must be dismissed.  (*Torres*, *supra*, 44 Cal.App.5th at pp. 1084-1085.)  Defendant's claim does not fall within any exception, and he does not claim otherwise.  (See *Id.* at p. 1085.)

Section 1237, subdivision (b), provides that a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the party."  Since the trial court did not have jurisdiction to rule on the motion to modify his sentence, its order denying such motion did not affect defendant's substantial rights and is not an appealable

4

postjudgment order.  Therefore, the appeal from the order must be dismissed.[3] (*Torres*, *supra*, 44 Cal.App.5th at p. 1084.)

Therefore, we order the appeal dismissed.

DISPOSITION

Defendant's appeal of the order denying his motion to modify his sentence pursuant to section 1016.8 is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS             

J.

We concur:

MILLER       

      Acting P. J.

SLOUGH      

      J.

---

[3] By order filed on November 3, 2021, we reserved for consideration with the appeal defendant's request for judicial notice and motion to augment the record on appeal, both filed on October 20, 2021.  In light of the dismissal, we deny the request and the motion.

5